IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : No. 1:19-bk-04714-HWV
  FOX SUBACUTE AT :
  MECHANICSBURG, LLC : Chapter 11
  :
  Debtor :

## DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
## TO UTILIZE CASH COLLATERAL

The Motion of Fox Subacute at Mechanicsburg, LLC ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On November 1, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is corporation engaged in the healthcare business and operates a skilled nursing facility (the "Business").

3. Peoples Bank (the "Bank") is believed to hold a first priority security interest in most of the personal property of the Debtor, including accounts, accounts receivable and cash. The Debtor's accounts receivable, inventory and cash are Cash Collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code.

4. The Bank has provided a loan to the Debtor, as well as the Debtor's affiliates, Fox Subacute at Clara Burke, Inc., Fox Subacute at South Philadelphia, LLC and Fox Nursing Home Corp. d/b/a Fox Subacute at Warrington (all three (3) such

1

entities are hereinafter the "Affiliates"), in the amount of $5,500,000.00 (the "Line of Credit Loan").

5. The Debtor is believed to have assets as follows:

   a. Accounts Receivable of approximately $4,035,080.00

   b. Equipment having a value of approximately $501,711.00

   c. Inventory having a value of approximately $148,344.00

   d. Minimal cash on hand

6. The Bank has, as its collateral, all of the Cash Collateral of the Debtor and the Affiliates. The total amount of the value of the collateral of the Debtor and the Affiliates is believed to be in excess of $17,379,821.00.

7. As a result of all of the collateral upon which the Bank has a lien, including the collateral owned by the Debtor and the Affiliates, the Debtor believes that the Bank has adequate protection.

8. The Bank has consented to the Use of Cash Collateral. The form of Order requested by the Debtor is concurred in by the Bank.

**THE NEED FOR CASH**

9. The Debtor currently has one hundred thirty-nine (139) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's patients.

10. The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. Attached hereto as Exhibit "A" and made a part hereof is a sixty (60) day cash flow budget for the Debtor. The Debtor has

instituted various overhead cuts and has made operational changes so that, as set forth on Exhibit "A" it is believed that the Debtor can continue to operate.

11. In addition to the items set forth on the budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for Quarterly Fees owed to the Office of the U.S. Trustee.

12. As set forth above, the Debtor believes it can operate on a profitable basis. In addition to cutting overhead costs, the Debtor is taking steps to attempt to obtain additional reimbursements from insurers and the state and federal governments.

13. Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

14. In order to provide adequate protection to the Bank, the Debtor proposes to provide the Bank with a replacement lien in post-Petition Cash Collateral, and all other assets in which the Bank has a pre-Petition security interest and lien and to the extent that the Bank is secured in pre-Petition Cash Collateral. The replacement liens shall only be effective to the extent there is a diminution in the amount of Cash Collateral post-Petition. To the extent that such replacement liens are insufficient and the Bank has a shortfall resulting any diminution resulting from the Debtor's use of Cash Collateral and all other categories of assets upon which the Bank has a pre-Petition lien, and to the extent the Bank is secured in Cash Collateral, the Bank shall be granted an administrative claim superior in priority to all other administrative claims except for claims of

professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement liens shall be effective without further recordation.

15. In addition to the replacement liens set forth above, the Debtor proposes to pay monthly interest to the Bank on account of the Line of Credit Loan on account of the lien which the Bank has on Cash Collateral.

16. Given the Bank's collateral positions and the payment of interest to the Bank, the Debtor believes that the Bank is adequately protected.

17. The Debtor will provide financial information to the Bank as reasonably requested, upon prior notice.

**WHEREFORE**, Fox Subacute at Mechanicsburg, LLC, the above named Debtor, respectfully requests that this Honorable Court enter an Order:

    a. Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

    b. Granting a replacement lien to Peoples Bank as set forth above. Conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to Peoples Bank with such replacement lien to be in post-Petition inventory, receivables and cash to the extent there is any diminution in value of Peoples Bank's collateral position, as it may exist pre-Petition, as well as a continuing lien in all categories of assets as the Bank holds in pre-Petition assets of the Debtor. All such liens granted to the Bank shall be in such priority as exists pre-Petition. Further the Bank shall have an administrative claims to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claims, having priority over all administrative claims except those of fees owed to professionals in the case and to the Office of the U.S. Trustee;

    c. Allowing the Debtor to pay interest on a monthly basis to Peoples Bank on account of its secured claim against the Debtor; and

4

Case 1:19-bk-04714-HWV    Doc 8    Filed 11/01/19    Entered 11/01/19 12:58:53    Desc
Main Document      Page 4 of 5

      d.     Granting the Debtor such other and further relief as is just and proper.

                                                CUNNINGHAM, CHERNICOFF
                                                & WARSHAWSKY, P.C.

                                          By:   /s/ Robert E. Chernicoff
                                                Robert E. Chernicoff, Esquire
                                                Attorney I.D. No. 23380
                                                2320 North Second Street
                                                P. O. Box 60457
                                                Harrisburg, PA 17106-0457
                                                (717) 238-6570

Date: November 1, 2019