IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CASE NO. 1:19-bk-04714-HWV |
| FOX SUBACUTE AT MECHANICSBURG, LLC | : | Chapter 11 |
| Debtor. | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO DEBTOR'S MOTION FOR APPROVAL
FOR DEBTOR TO UTILIZE CASH COLLATERAL
AND RESERVATION OF RIGHTS**

PeoplesBank, A Codorus Valley Company (the "Bank") respectfully submits this response to Debtor's Motion for Approval for Debtor to Utilize Cash Collateral (the "Motion") filed by Fox Subacute at Mechanicsburg, Inc. ("Mechanicsburg").

Before Mechanicsburg and its affiliates, Fox Nursing Home Corp. d/b/a Fox Subacute at Warrington ("Warrington"), Fox Subacute at Clara Burke, Inc. ("Clara Burke"), and Fox Subacute at South Philadelphia, LLC (individually, "South Philly" and with Warrington, Clara Burke, and Mechanicsburg collectively, the "Debtors"), filed their Chapter 11 petitions, the Bank and the Debtors had met to discuss the Debtors' contemplated filings and the use of cash collateral. Counsel to the Bank had provided a proposed form or order authorizing the Debtors to use cash collateral to Debtors' counsel. However, Debtors' counsel provided no comments on the proposed form of order before the Debtors filed their petitions and the form of proposed order submitted with the Motion is not the form of order provided by the Bank's counsel. Moreover, the form of order proposed by the Bank's counsel assumed that a budget setting forth the expenses that the Debtors proposed to pay with cash collateral would be provided and would be acceptable to the Bank. The budget attached to the Motion was not provided to the Bank before the Debtors' petitions were filed. Consequently, the representations in paragraph 8 of the Motion that the Bank consents to the use of cash collateral and that it concurs in the form or order submitted are, at best, premature.

The Bank is willing to consider consenting to the use of cash collateral on reasonable

terms and negotiations over the form of order are ongoing. However, the Bank does not consent to the use of cash collateral at this time and reserves the right to present objections to the use of cash collateral at any hearing on the Motion.

Respectfully submitted,

/s/ William L. Hallam
William L. Hallam, Bar No. 85647
Joshua D. Bradley, Bar No. 313308
Rosenberg Martin Greenberg, LLP
25 S. Charles Street, 21st Floor
Baltimore, MD 21201
(410) 727-6600 (phone)
(410) 727-1115 (fax)
whallam@rosenbergmartin.com

*Attorneys for PeoplesBank, A Codorus Valley Company*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2019, a copy of the foregoing Response to Debtor's Motion for Approval for Debtor to Utilize Cash Collateral and Reservation of Rights was served through the CM/ECF System and via first-class mail on the following:

Robert E. Chernicoff, Esquire
Cunningtham, Chernicoff & Warshawsky, P.C.
2320 North Second Street
P.O. Box 60457
Harrisburg, PA 17106-0457

Andrew R. Vara
Office of the U.S. Trustee
Middle District of Pennsylvania
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

/s/ William L. Hallam
William L. Hallam

4812-6034-1932, v. 1